*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON AUSTIN,

      Claimant-Appellant,

v

HOSPICE NORTH OTTAWA COMMUNITY and
DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY, formerly known as
DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

      Appellees.

UNPUBLISHED
December 17, 2020

No. 348766
Muskegon Circuit Court
LC No. 18-003840-AE

Before: FORT HOOD, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Claimant-appellant appeals by leave granted a circuit court order affirming a decision by the Michigan Compensation Appellate Commission (MCAC), which denied claimant's challenges to determinations by appellee Department of Labor and Economic Opportunity/Unemployment Insurance Agency (the "Agency") that claimant had fraudulently received unemployment insurance benefits she was not eligible to receive and that she was required to pay restitution and penalties to the Agency. We affirm.

## I. FACTS AND PROCEEDINGS

On August 19, 2012, claimant, after having been laid off from her part-time employment with Mercy VNS, filed for unemployment benefits with the Agency. The next day, she began a new part-time job with Hospice North Ottawa Community ("North Ottawa"). Claimant did not disclose her new employment to the Agency. On May 7, 2014, the Agency sent claimant notices of redetermination informing her that she was ineligible to receive benefit payments from September 8, 2012 to January 25, 2014. The Agency stated that claimant was required to pay restitution of $16,710 and required to pay fraud penalties in the amount of $66,840. On March 21,

2017, the Agency sent another set of redeterminations to claimant, charging her for the restitution and penalty payments.

Claimant filed objections to the redeterminations. She argued that the redetermination notices were invalid and untimely because they were issued outside the 30-day and one-year limitation periods in MCL 421.32 as amended by 2013 PA 144 ("§ 32") and MCL 421.32a as amended by 2011 PA 269 ("§ 32a"). She also argued that the redetermination notices did not provide her with sufficient information regarding the basis for the finding of fraud. In support of her notice argument, claimant cited a letter that the United States Department of Labor (DOL) had issued to state unemployment agencies detailing notice requirements. On January 16, 2018, an administrative law judge (ALJ) concluded that the redetermination notices were instead subject to the six-year limitations period prescribed in MCL 421.62 as amended by 2013 PA 147 ("§ 62"). The ALJ also rejected claimant's arguments regarding insufficiency of notice. The MCAC affirmed the ALJ's decision. Claimant then appealed to the circuit court, which in turn affirmed the MCAC's decision. This Court granted claimant's application for leave to appeal.

## II. APPLICABLE LIMITATIONS PERIOD

Claimant argues that MCAC and the circuit court erred by concluding that the Agency's notices of ineligibility, fraud, and restitution were subject to the six-year limitations period prescribed in § 62, and were not subject to the time limitations in § 32 and § 32a. We disagree.

A circuit court reviewing a decision of the MCAC must affirm the decision "if it conforms to the law and is supported by competent, material, and substantial evidence on the entire record." *Dep't of Licensing & Regulatory Affairs/Unemployment Ins Agency v Lucente*, 330 Mich App 237, 251; 946 NW2d 836 (2019), lv gtd ___ Mich ___; 944 NW2d 121 (2020). "However, when reviewing a lower court's review of an administrative decision, this Court must determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial-evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Id*. (quotation marks and citation omitted). The lower court's legal conclusions, including interpretations of statutes, are reviewed de novo. *Id*. "A decision of the MCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *Id*. at 844 (quotation marks and citation omitted).

Questions of statutory interpretation are reviewed de novo. *Makowski v Governor*, 495 Mich 465, 470; 852 NW2d 61 (2014). When interpreting a statute, this Court must "give effect to the intent of the Legislature." *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016) (quotation marks and citation omitted). "The most reliable evidence of that intent is the language of the [statute] itself, which must be given its plain and ordinary meaning." *Id*. at 137 (quotation marks and citation omitted). If the words of the statute are clear and unambiguous, they "must be enforced as written." *Id*. "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009) (quotation marks and citation omitted). "[A]gency interpretations [of statutes] are entitled to respectful consideration, but they are not binding on courts and cannot conflict with the plain meaning of the statute." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 117-

118; 754 NW2d 259 (2008). "While the agency's interpretation may be helpful in ascertaining the legislative intent, courts may not abdicate to administrative agencies the constitutional responsibility to construe statutes." *Id*. at 118.

The three statutes at issue, MCL 421.32, MCL 421.32a, and MCL 421.62, have undergone frequent amendments. On May 7, 2014, when the Agency issued its first set of redeterminations of claimant's eligibility for benefits and determinations of restitution and penalties, MCL 421.32 as amended by 2013 PA 144, effective October 29, 2013, provided, in pertinent part:

(a) Claims for benefits shall be made pursuant to regulations prescribed by the unemployment agency. The unemployment agency shall designate representatives who shall promptly examine claims and make a determination on the facts. The unemployment agency may establish rules providing for the examination of claims, the determination of the validity of the claims, and the amount and duration of benefits to be paid. The claimant and other interested parties shall be promptly notified of the determination and the reasons for the determination.

* * *

(e) *The claimant or interested party may file an application with an office of the unemployment agency for a redetermination in accordance with section 32a.*

(f) *The issuance of each benefit check shall be considered a determination by the unemployment agency that the claimant receiving the check was covered during the compensable period, and eligible and qualified for benefits.* A chargeable employer, upon receipt of a listing of the check as provided in section 21(a), may protest by requesting a redetermination of the claimant's eligibility or qualification as to that period and a determination as to later weeks and benefits still unpaid that are affected by the protest. Upon receipt of the protest or request, the unemployment agency shall investigate and redetermine whether the claimant is eligible and qualified as to that period. If, upon the redetermination, the claimant is found ineligible or not qualified, the unemployment agency shall proceed as described in section 62. In addition, the unemployment agency shall investigate and determine whether the claimant obtained benefits for 1 or more preceding weeks within the series of consecutive weeks that includes the week covered by the redetermination and, if so, shall proceed as described in section 62 as to those weeks.

MCL 421.32a, as amended by 2011 PA 269, effective December 19, 2011 provided, in pertinent part:

(1) *Upon application by an interested party for review of a determination, upon request for transfer to an administrative law judge for a hearing filed with the unemployment agency within 30 days after the mailing or personal service of a notice of determination, or upon the unemployment agency's own motion within that 30-day period, the unemployment agency shall review any determination.*

-3-

After review, the unemployment agency shall issue a redetermination affirming, modifying, or reversing the prior determination and stating the reasons for the redetermination, or may in its discretion transfer the matter to an administrative law judge for a hearing. If a redetermination is issued, the unemployment agency shall promptly notify the interested parties of the redetermination, the redetermination is final unless within 30 days after the mailing or personal service of a notice of the redetermination an appeal is filed with the unemployment agency for a hearing on the redetermination before an administrative law judge in accordance with section 33.

(2) *The unemployment agency may, for good cause, including any administrative clerical error, reconsider a prior determination or redetermination after the 30-day period has expired and after reconsideration issue a redetermination affirming, modifying, or reversing the prior determination* or redetermination, or transfer the matter to an administrative law judge for a hearing. *A reconsideration shall not be made unless the request is filed with the unemployment agency, or reconsideration is initiated by the unemployment agency with notice to the interested parties, within 1 year from the date of mailing or personal service of the original determination on the disputed issue.*

(3) If an interested party fails to file a protest within the 30-day period and the unemployment agency for good cause reconsiders a prior determination or redetermination and issues a redetermination, a disqualification, or an ineligibility imposed thereunder, other than an ineligibility imposed due to receipt of retroactive pay, the redetermination, disqualification, or ineligibility does not apply to a compensable period for which benefits were paid or are payable unless the benefits were obtained as a result of an administrative clerical error, a false statement, or a nondisclosure or misrepresentation of a material fact by the claimant. However, the redetermination is final unless within 30 days after the date of mailing or personal service of the notice of redetermination an appeal is filed for a hearing on the redetermination before an administrative law judge in accordance with section 33. [Emphasis added.]

MCL 421.62, as amended by 2013 PA 147, effective October 29, 2013, provided:

(a) *If the unemployment agency determines that a person has obtained benefits to which that person is not entitled*, or a subsequent determination by the agency or a decision of an appellate authority reverses a prior qualification for benefits, *the agency may recover a sum equal to the amount received plus interest* by 1 or more of the following methods: deduction from benefits or wages payable to the individual, payment by the individual in cash, or deduction from a tax refund payable to the individual as provided under section 30a of 1941 PA 122, MCL 205.30a. Deduction from benefits or wages payable to the individual is limited to not more than 50% of each payment due the claimant. *The unemployment agency shall issue a determination requiring restitution within 3 years after the date of finality of a determination, redetermination, or decision reversing a previous*

*finding of benefit entitlement. The unemployment agency shall not initiate administrative or court action to recover improperly paid benefits from an individual more than 3 years after the date that the last determination, redetermination, or decision establishing restitution is final. The unemployment agency shall issue a determination on an issue within 3 years from the date the claimant first received benefits in the benefit year in which the issue arose, or in the case of an issue of intentional false statement, misrepresentation, or concealment of material information in violation of section 54(a) or (b) or sections 54a to 54c, within 6 years after the receipt of the improperly paid benefits unless the unemployment agency filed a civil action in a court within the 3-year or 6-year period; the individual made an intentional false statement, misrepresentation, or concealment of material information to obtain the benefits; or the unemployment agency issued a determination requiring restitution within the 3-year or 6-year period.* Except in a case of an intentional false statement, misrepresentation, or concealment of material information, the unemployment agency shall waive recovery of an improperly paid benefit if the payment was not the fault of the individual and if repayment would be contrary to equity and good conscience and shall waive any interest. If the agency or an appellate authority waives collection of restitution and interest, except as provided in subdivision (*ii*), the waiver is prospective and does not apply to restitution and interest payments already made by the individual. As used in this subsection, "contrary to equity and good conscience" means any of the following:

(*i*) The claimant provided incorrect wage information without the intent to misrepresent, and the employer provided either no wage information upon request or provided inaccurate wage information that resulted in the overpayment.

(*ii*) The claimant's disposable household income, exclusive of social welfare benefits, is at or below the annual update of the poverty guidelines most recently published in the federal register by the United States department of health and human services under the authority of 42 USC 9902(2), and the claimant has applied for a waiver under this subsection. A waiver granted under the conditions described in this subdivision applies from the date the application is filed.

(*iii*) The improper payments resulted from an administrative or clerical error by the unemployment agency. A requirement to repay benefits as the result of a change in judgment at any level of administrative adjudication or court decision concerning the facts or application of law to a claim adjudication is not an administrative or clerical error for purposes of this subdivision.

(b) For benefit years beginning on or after October 1, 2000, if the unemployment agency determines that a person has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits, whether or not the person obtains benefits by or because of the intentional false statement, misrepresentation, or concealment of material information, the person shall, in addition to any other applicable interest and penalties, have his or

her rights to benefits for the benefit year in which the act occurred canceled as of the date the claimant made the false statement or misrepresentation or concealed material information, and wages used to establish that benefit year shall not be used to establish another benefit year. A chargeable employer may protest a claim filed after October 1, 2014 to establish a successive benefit year under section 46(c), if there was a determination by the unemployment agency or decision of a court or administrative tribunal finding that the claimant made a false statement, made a misrepresentation, or concealed material information related to his or her report of earnings for a preceding benefit year claim. If a protest is made, any unreported earnings from the preceding benefit year that were falsely stated, misrepresented, or concealed shall not be used to establish a benefit year for a successive claim. Before receiving benefits in a benefit year established within 4 years after cancellation of rights to benefits under this subsection, the individual, in addition to making the restitution of benefits established under subsection (a), may be liable for an additional amount as otherwise determined by the unemployment agency under this act, which may be paid by cash, deduction from benefits, or deduction from a tax refund. The individual is liable for any fee the federal government imposes with respect to instituting a deduction from a federal tax refund. Restitution resulting from the intentional false statement, misrepresentation, or concealment of material information is not subject to the 50% limitation provided in subsection (a).

(c) Any determination made by the unemployment agency under this section is final unless an application for a redetermination is filed in accordance with section 32a.

(d) The unemployment agency shall take the action necessary to recover all benefits improperly obtained or paid under this act, and to enforce all interest and penalties under subsection (b). The unemployment agency may conduct an amnesty program for a designated period under which penalties and interest assessed against an individual owing restitution for improperly paid benefits may be waived if the individual pays the full amount of restitution owing within the period specified by the agency.

(e) Interest recovered under this section shall be deposited in the contingent fund. [Emphasis added.]

In *Lucente*, 330 Mich App 237, this Court analyzed the interplay of MCL 421.32, 421.32a, and 421.62 in three consolidated cases. The lead case, *Lucente*, involved the application of prior versions of these statutes, as amended by 2002 PA 192, 1996 PA 503, and 1995 PA 125, respectively. The companion cases, Herzog and Carlisle, involved 2013 PA 144 and 2011 PA 269 (the same versions at issue in this case), and a more recent amendment of § 62 by 2016 PA 522. In *Lucente*, the claimant falsely certified that he was unemployed from February 20, 2010 to June 19, 2010. *Lucente*, 330 Mich App at 241. The Agency issued redeterminations on November 30, 2010, which stated that Lucente was required to pay restitution and fraud penalties pursuant to MCL 421.62. *Id*. at 241-242. The MCAC concluded that the November 30, 2010

eligibility redetermination was not timely issued because under MCL 421.32(f), the original determination occurred on the dates the benefit checks were issued. *Id.* at 244-245. This Court disagreed, concluding:

> Although § 32a governs review of a determination of benefits, recovery by the Agency of improperly paid unemployment benefits is governed by § 62 of the [Michigan Employment Security Act (MESA)], MCL 421.62. Under § 62, if the Agency determines that an individual obtained benefits to which he or she was not entitled, the Agency may recover the amount wrongfully received. MCL 421.62(a). In addition, if the improperly paid benefits were the result of the individual's fraud or false statements, the Agency may impose penalties under MCL 421.54. [*Lucente*, 330 Mich App at 255.]

This Court quoted § 62(a), as amended by 1995 PA 125, and then stated:

> The statutory language of § 62 in effect at the time the Agency determined that Lucente had improperly received benefits clearly provided that if the claimant violated MCL 421.54—the statute describing the penalties for a claimant who obtains unemployment benefits through fraud—the Agency could seek restitution within six years of the date that the claimant improperly received the benefits. In fact, under § 62(d) the Agency was compelled to take the action necessary to recoup any benefits improperly obtained, along with any applicable penalties. Section 62(c) suggests that the Agency does so by issuing a determination under § 62, which is final unless a redetermination under § 32a is sought. MCL 421.62. [*Lucente*, 330 Mich App at 256-257.]

This Court remarked that the MCAC had concluded that the November 30, 2010 "redeterminations" (which should have been designated "determinations") were issued pursuant to § 32a, and therefore, were subject to § 32a's time limitations. This Court disagreed because the Agency "was not proceeding under § 32a; rather, the Agency was acting under § 62 to recoup wrongfully paid benefits." *Lucente*, 330 Mich App at 257. This Court explained the difference, stating:

> Quite simply, § 32a is designed to give both claimants and employers a right to a redetermination of the Agency's eligibility determination. Section 62, in contrast, gives the Agency the ability to recoup fraudulently obtained benefits. Under § 62, the agency was authorized and, indeed, compelled to take the action necessary to recoup the benefits improperly obtained by Lucente, along with any applicable penalties. See former MCL 421.62(d) (providing that the Agency "*shall* take the action necessary to recover all benefits improperly obtained or paid under this act") (emphasis added). To impose on the Agency, when proceeding under § 62, the additional procedural and time requirements of § 32a would create requirements not imposed by the Legislature. We therefore hold that because the Agency in this case was proceeding under § 62, the Agency did not err when it failed to follow the procedural and time requirements set forth in § 32a. [*Lucente*, 330 Mich App at 257-258.]

This Court reasoned that "applying the § 32a time limitations to actions under § 62 conflicts with and renders nugatory the time limitations imposed by the Legislature in § 62." *Id.* at 259. To avoid this conflict, this Court "conclude[d] that the Agency was not required to comply with the requirements of § 32a when proceeding under § 62." *Id.* This Court further concluded that "the Agency's incorrect captioning of its determination as a 'redetermination' was not fatal to its ability to recoup fraudulently obtained benefits under § 62." *Id.* This Court held that although the Agency erroneously used the term "redetermination," the statements informed Lucente "that (1) he improperly received unemployment benefits, (2) he was disqualified from receiving unemployment benefits, (3) he was subject to fraud penalties under § 54 and § 62 of the MESA, and (4) he had a right to appeal the Agency's 'redeterminations.' " *Id.* at 259-260.

In the companion case, the claimant Herzog received unemployment benefits from October 15, 2016 through November 12, 2016, when he was employed full time and ineligible for benefits. *Lucente*, 330 Mich App at 247. In October 2017, the Agency issued and mailed to Herzog "Notice of Redetermination" documents, namely "an eligibility redetermination" and a "fraud redetermination." *Id.* at 248. The Agency ordered Herzog to pay restitution and fraud penalties for benefits improperly received in October and November 2016. *Id.* With respect to § 32 as amended by 2013 PA 144, § 32a as amended by 2011 PA 269, and § 62 as amended by 2016 PA 522 (which shortened the limitations period to three years), this Court held that "[t]he statutory language of § 62 clearly permitted the Agency to seek to recoup benefits that had been wrongfully paid within three years of the date that the claimant received the benefits." *Lucente*, 330 Mich App at 263. This Court also concluded that although "some portions of the Agency's decisions would have been better labeled as 'determinations,' the Agency was proceeding under § 62, and it was not required to provide the process due under § 32a." *Id.* at 263-264.

In the third case, the claimant Carlisle received unemployment benefits from August 6, 2016, through October 8, 2016, while he was employed full time. On October 4, 2017, the Agency sent Carlisle a notice of redetermination stating that he fraudulently obtained benefits and was required to pay restitution and fraud penalties. *Lucente*, 330 Mich at 249. This Court concluded that the "Agency acted in the manner contemplated by § 62, seeking to recoup the wrongfully obtained benefits well within the period for taking that action." *Id.* at 265. This Court held that the misnamed "redeterminations" provided sufficient notice because they "(1) provided the relevant time period in which Carlisle was ineligible to receive unemployment benefits, (2) stated the basis for the finding of Carlisle's ineligibility for benefits, (3) informed Carlisle of the amount he owed the Agency in restitution and fraud penalties, and (4) explained Carlisle's right to appeal the 'redeterminations.' " *Id.* at 266.

In sum, in *Lucente* this Court addressed three cases factually similar to the instant case. The claimants received unemployment benefit payments during periods when they were employed, and therefore ineligible for benefits. The Agency discovered the ineligibility and issued "redeterminations" to the claimants outside the time limitations of § 32a. The "redeterminations" informed the claimants that they were required to pay restitution to the Agency for improperly received payments and required to pay penalties for fraud. In each case, this Court held that the time limitations of § 32a did not apply because the mislabeled "redeterminations" were, in substance, determinations of fraud under § 62, and therefore, subject to the limitations period in

§ 62. This analysis applied to the 2002 and 2013 versions of § 32, the 1996 and 2011 versions of § 32a, and the 1995 and 2016 versions of § 62.

*Lucente*, as a published decision of this Court, has "precedential effect under the rule of stare decisis," and the Supreme Court's order granting leave to appeal does not diminish its precedential effect. MCR 7.215(C)(2). The only pertinent respect in which the companion Herzog and Carlisle cases also considered in *Lucente* are distinguishable is the version of § 62 that was in effect during the pertinent time period. However, absent a material distinction between 2013 PA 147 (at issue in this case) and 2016 PA 522 (at issue in Herzog and Carlisle), there is no principled basis for not applying this Court's analysis of the Herzog and Carlisle cases in *Lucente* to this case.

The 2016 amendments of § 62 did not alter that statute in any way that would affect this Court's analysis of the statute in *Lucente*. Rather, 2016 PA 522 amended § 62(a) to add language related to identity theft, but there is no allegation of identity theft in this case. The amendment also reduced the limitations period from six years to three years, but that reduction was not made retroactive and, in any event, the Agency's 2014 determinations were made within the lesser three-year period. In addition, the amendment added a sentence referring to pursuit of collection methods, which is not at issue in this case. The 2016 amendment also added new Subsection (f), which restricts the Agency from relying solely on computer-identified discrepancies as a basis for detecting fraud, but there is no contention that this addition has any relevancy to this case. Finally, the amendment made other, nonsubstantive changes. The portions of the 2016 version of the statute that were material to this Court's analysis of the Herzog and Carlisle cases are identical to the version of § 62 as amended by 2013 PA 147, which is at issue in this case.

In sum, in *Lucente*, 330 Mich App 237, this Court concluded that the Agency's determinations of fraudulent benefit claims, restitution obligations, and fraud penalties, were not determinations or redeterminations subject to the 30-day and one-year limitation periods in § 32 and § 32a, but rather determinations of fraud and restitution subject to the three-year or six-year limitation periods in § 62. In the companion Herzog and Carlisle cases in *Lucente*, this Court applied this analysis to cases governed by the same versions of § 32 and § 32a at issue in this case, and a version of § 62 that did not materially differ from the version of § 62 at issue in this case. Accordingly, applying the *Lucente* analysis to the instant case, we hold that the circuit court properly concluded that the Agency's determinations of fraud, restitution, and penalties were timely made because they were made within the applicable limitations period prescribed in § 62 as amended by 2013 PA 147.

### III. NOTICE

Claimant argues that the redetermination notices that the Agency sent to her failed to provide adequate information to inform her of the bases for its ineligibility and fraud determinations. She argues that the notices failed to satisfy due-process requirements. "Constitutional issues are reviewed de novo as a matter of law." *Thomas v Pogats*, 249 Mich App 718, 724; 644 NW2d 59 (2002).

"Procedural due process serves as a limitation on government action and requires government to institute safeguards in proceedings that affect those rights protected by due process,

including life, liberty, or property." *Id.* "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

"Notice must be reasonably calculated under all the circumstances, to advise an interested party of the pendency of the action and afford her an opportunity to present objections." *Kramer v Van Dyke Pub Sch*, 134 Mich App 479, 486; 351 NW2d 572 (1984), citing *Mullane v Central Hanover Bank & Trust Co*, 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950). Claimant states that the Agency's notices did not inform her of how her alleged actions were fraudulent or how it reached that conclusion. In *Lucente*, 330 Mich App at 266, this Court held that the "redeterminations" that Carlisle received from the Agency provided sufficient notice because they "(1) provided the relevant time period in which Carlisle was ineligible to receive unemployment benefits, (2) stated the basis for the finding of Carlisle's ineligibility for benefits, (3) informed Carlisle of the amount he owed the Agency in restitution and fraud penalties, and (4) explained Carlisle's right to appeal the 'redeterminations.' "

In this case, the Agency's 2014 notices informed claimant that her actions indicated that she "intentionally misled and/or concealed information to obtain benefits" that she was not entitled to receive. The documents listed each overpayment claimant received for the period beginning in September 2012. The documents also included information about her right to appeal. In the 2017 notices, the Agency advised claimant that it had reviewed "intentional misrepresentation case findings issued between October 1, 2013 and August 31, 2015, case #0-001-008-673, issued on May 7, 2014." The Agency advised that "[t]he primary issue, #0-001-008-672 involving Remuneration – Earned income issued on May 7, 2014, was associated with the intentional misrepresentation case and was also reviewed." Although the Agency concedes that the 2017 notices were improper, we see no reason they cannot be considered for their supplementation of the information provided to claimant. Moreover, claimant's innocent-mistake defense demonstrated that she understood that the Agency's fraud determination was based on her failure to disclose her part-time employment with Ottawa North. Claimant has also failed to demonstrate that the notice provided impeded her pursuit of her rights.

Claimant argues that each determination or redetermination must independently contain sufficient notice. She rejects the Agency's argument that sufficiency of notice can be satisfied by additional documents accompanying a determination or redetermination if they provide sufficient notice when considered in the aggregate. Claimant's argument is contrary to the flexible nature of due process and the primacy of fundamental fairness. *Al-Maliki*, 286 Mich App at 485.

In support of her notice argument, claimant asserts that the Agency's notices did not comply with a DOL Unemployment Insurance Program Letter No. 1-6, issued October 1, 2015, by Assistant Secretary of Labor Portia Wu. She asserts that this document established mandatory standards of notice for state agencies administering unemployment insurance benefits. We note that this letter was issued after the Agency issued the 2014 notices. Regardless, there is no basis for concluding that the letter conferred enforceable rights on claimants. The letter lists standards

for states to comply with "in order to be eligible to receive administrative grants." Therefore, claimant's reliance on this letter is misplaced.[1]

       Affirmed.


/s/ Karen M. Fort Hood
/s/ David H. Sawyer
/s/ Deborah A. Servitto

---

[1] In an amicus brief, the Center for Civil Justice discusses the limitation period and notice issues in the context of the Michigan Integrated Data Automated System, which is the artificial intelligence system that the Agency began using in 2013. Although the Center for Civil Justice argues that shorter limitation periods and heightened notice standards are necessary to protect claimants from the Agency's overreach, these are policy arguments for the Legislature.